**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LA MONTE T. BANNISTER III, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 26-3745-BAH |
| WES MOORE ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff La Monte T. Bannister III ("Plaintiff") filed the above-captioned complaint pro se. *See* ECF 1. He initially filed a motion for leave to proceed in forma pauperis ("IFP"), ECF 2, which he corrected several times after the Court issued deficiency notices. *See* ECF 7 (deficiency notice), ECF 8 (IFP motion), ECF 9 (deficiency notice), ECF 10 (IFP motion). However, before the Court ruled on any corrected IFP motion, he paid the filing fee. As such, his currently pending motion to proceed IFP, ECF 10, is denied as moot. Plaintiff has also filed an emergency motion for a temporary restraining order and preliminary injunction, ECF 3, and an emergency application for an order shortening time, ECF 4. Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the complaint will be dismissed without prejudice and the motions denied as moot.

While Plaintiff has paid the full filing fee, the Court still has inherent authority—indeed, an obligation—to ensure that it retains subject matter jurisdiction over an action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting that federal courts

"have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *Buscemi v. Bell*, 964 F.3d 252, 258 (4th Cir. 2020) (noting that courts "must assure [them]selves of subject matter jurisdiction and may address standing sua sponte"). "Standing . . . is a fundamental component of a court's subject-matter jurisdiction." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 994 (D. Md. 2002) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998); *Pye v. United States,* 269 F.3d 459, 466 (4th Cir. 2001)), *aff'd,* 92 F. App'x 933 (4th Cir. 2004). Whether a plaintiff has standing to sue is a threshold inquiry for any lawsuit. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597 (2007).

To establish standing, a plaintiff must demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339. Federal courts "do not render advisory opinions," and "adjudication [requires] concrete legal issues, presented in actual cases, not abstractions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) (footnotes and internal quotation marks omitted).

Plaintiff brings suit against Governor Wes Moore and the Chair of the Maryland Reparations Commission (the "Commission") regarding the Maryland General Assembly's passage of a bill creating the Commission and possible outcomes and/or recommended processes of the Commission which have not yet come to pass. ECF 1, at 1–2. "Plaintiff alleges threatened irreparable harm only if a resulting State rule, application, benefit, or official decision is applied to him so as to compel an ancestry classification or disclosure, require ideological assent, condition

a benefit on waiver or settlement, or treat State-selected monetary relief as his consent to extinguish a distinct asserted claim." *Id.* at 2 ¶ 21. He alleges that "[i]f a named official adopts or applies a compulsory condition described above, the resulting loss of decisional autonomy, compelled speech or association, privacy, or procedural protection would not be fully remedied by later money damages." *Id.* ¶ 23. He seeks "[a] narrow prospective order . . . limited to application of that condition to Plaintiff" and "seeks adjudication only upon proof of a concrete act, personal application, and imminent legal consequence." *Id.* ¶¶ 23–24. He brings four counts, a procedural due process claim brought pursuant to 42 U.S.C. § 1983, an equal protection claim brought pursuant to § 1983, a claim for "compelled speech or association, if supported," and a claim for "conditional federal-conflict claim." *Id.* at 2–3.

While the precise relief requested is difficult to decipher, it is clear to the Court that Plaintiff concedes he has not yet suffered any injury. Rather, his complaint seeks to remedy an injury that is "conjectural or hypothetical." *Spokeo*, 578 U.S. at 339. As noted, a plaintiff may not bring suit over hypotheticals that have not yet come to pass and perhaps never will. As such, Plaintiff lacks standing to bring his claims, and the Court does not have subject matter jurisdiction over his complaint. The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Accordingly, it is this 29th day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 10, is DENIED AS MOOT;
2. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction;
3. The remaining motions, ECFs 3 and 4, are DENIED AS MOOT; and
4. The Clerk is directed CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge